### DEITCH et al. v. FEDER et al.

(Supreme Court, Appellate Term. February 23, 1904.)

**1. CONFLICTING EVIDENCE—VERDICT—CONCLUSIVENESS.**

A verdict on conflicting evidence will not be reversed where there is not such a clear preponderance that the court is convinced that a new trial should be had.

**2. CONTRACT FOR COMMISSION—CONSIDERATION—SUFFICIENCY.**

The lower price for which defendants secured real estate is sufficient consideration to support an agreement to pay plaintiffs a certain sum as commission, in order to obtain the property at the price the owner was willing to sell it, provided he was relieved from the commission; the owner not being willing to sell unless he was so relieved.

**3. WITNESS—EXAMINATION—REPETITION OF QUESTION.**

The refusal of the court to allow a witness to be asked a question in substantially the same form as one previously asked him during the same examination is not cause for reversal.

Appeal from City Court of New York, Trial Term.

Action by Abraham Deitch and another against Morris Feder and another. From a judgment for plaintiffs, and an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and GIEGERICH and Mc-CALL, JJ.

Max D. Steuer, for appellants.

Gustavus A. Rogers, for respondents.

GIEGERICH, J. The plaintiffs, in their complaint, stated their cause of action in the alternative; the first being for an agreed compensation of brokerage of 1 per cent., and the second cause of action being based upon a special promise to pay for services rendered. The first cause of action was waived on the trial, and the second, only, presented to the jury.

On the trial the plaintiffs contended that they were employed by the defendants to procure for them the premises Nos. 68 and 70 Avenue D, in the borough of Manhattan, New York City, for which the defendants agreed to pay the plaintiffs the sum of $500 as commission in securing the purchase of the property, but this was denied by the defendants. The evidence is very conflicting, but it is clear that the plaintiffs were employed and consulted in some capacity by the defendants; and we think, after a careful perusal of the whole evidence, that the weight of it is in favor of the plaintiffs' contention that they acted for the defendants, although they may also have acted in some capacity for Jacob Margovitz, the owner of the property; and we think the testimony clearly shows that this was well known to the defendants at the time the plaintiffs claim that the promise to pay the $500 in lieu of commissions was made, as Margovitz had frequently refused to sell unless he was relieved from the payment of any commissions.

The questions at issue were clearly put to the jury by the trial court, and the jury found in favor of the plaintiffs; and it is wholly unnecessary to cite authorities to the point that, where a jury renders a verdict upon conflicting evidence, it will not be reversed upon appeal unless there is such a clear preponderance that the court is convinced that a new trial should be had. No such preponderance, in our judgment, appears in this case.

The contention of the appellants that the alleged agreement to pay was nudum pactum is not well taken. As before pointed out, the jury have found that the defendants undertook and promised to pay $500 as commissions in order to obtain the property at the price that Margovitz was willing to sell it, provided he was relieved from the commissions, and he was not willing to sell it unless he was so relieved. There was no such variance between the pleadings and the proof as would warrant us in reversing the judgment on that ground, for the record clearly shows that throughout the case the plaintiffs were relying upon the defendants' promise to pay them the $500 in lieu of commissions; the consideration therefor being the lower price for which they secured the property.

The court did not err in sustaining the objection to the question, "Did you tell Mr. Cohen that the commissions were to be paid by Feder and Levine, according to your testimony?" for the question had been substantially asked in the same form only a short time before, and allowed.

We think no error was committed upon the trial which would warrant us in reversing this judgment, which must therefore be affirmed, with costs.

Judgment affirmed, with costs. All concur.